No. 20-70019

**\*\* CAPITAL CASE – EXECUTION SCHEDULED SEPTMEBR 24, 2020 \*\***

———————————————

In the

# United States Court of Appeals for the Fifth Circuit

———————————————

United States of America,
*Plaintiff-Appellee*

v.

Christopher André Vialva,
*Defendant-Appellant.*

———————————————

On Appeal from the United States District Court
for the Western District of Texas, Waco Division
No. 6:99-cr-00070

———————————————

## APPELLANT'S MOTION TO STAY EXECUTION PENDING CONSIDERATION AND DISPOSITION OF APPEAL

Pursuant 28 U.S.C. § 1651, Appellant Christopher André Vialva requests this Court stay the order directing his execution on September 24, 2020, pending appeal of important questions of first impression in this Circuit and, indeed, the nation. Mr. Vialva's imminent execution was set for the first time by the district court September 11, 2020. It was set in a manner Mr. Vialva has asserted, both below and in this Court, was

unlawful. Mr. Vialva comes to this Court at a late hour in the litigation through no fault of his own.

There are eleven other individuals sentenced to death by federal district courts in Texas. Because this case presents legal questions that will likely continue to arise in every federal capital case, and because the case presents a question of first impression in this Circuit, the Court could benefit from an orderly appeal in the regular course, including oral argument. This Court is empowered by the All Writs Act to preserve its jurisdiction to hear this appeal and accomplish that objective. *See Nken v. Holder*, 556 U.S. 418, 427 (2009) ("The authority to hold an order in abeyance pending review allows an appellate court to act responsibly."); *Lackey v. Scott*, 885 F. Supp. 958, 972 (W.D. Tex. 1995) (staying execution because the "complicated nature of the issues presented in this Petition warrant a more reasoned deliberation than the available time frame permits").

Mr. Vialva meets the standard for a stay of execution pending appeal. *See Nken*, 566 U.S. at 434. First, Mr. Vialva has made a strong showing he is likely to succeed on the merits of his appeal. Because Congress has not created federal rules for the practice, a federal district

court must follow state law in the setting of execution dates, either because § 3596(a) requires it or because it has been existing federal law since the nation's founding. The district court's order clearly does not conform to the clear legal requirements of Texas law. *See* ARGUMENT, Appellant's Brief.

Second, since failure to preserve the status quo will result in Mr. Vialva's unlawful execution, he will be irreparably harmed. *See O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) ("In a capital case, the possibility of irreparable injury weighs heavily in the movant's favor."); *Wainright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring in decision to vacate stay of execution) ("The third requirement—that irreparable harm will result if a stay is not granted—is necessarily present in capital cases."); *Evans v. Bennett*, 440 U.S. 1301, 1306 (1979) (granting stay of execution in light of the "obviously irreversible nature of the death penalty"); *Lackey*, 885 F. Supp. at 972 (in a capital case, "[t]here is no question that the Petitioner is threatened with irreparable injury" absent a stay).

Third, the issuance of a stay will not substantially injure the other parties interested in the proceeding. The Department of Justice did not

3

even follow its own regulations in the case requiring that it obtain a court order fixing the date of execution and directing it to occur before threatening to execute Mr. Vialva September 24, 2020. If it was determined to execute Mr. Vialva on September 24, 2020, it should have presented a motion in sufficient time for the district court to issue an order and warrant in compliance with governing Texas law no later than June 25, 2020. The Government did not do so; nothing prevented it from doing so.[1] This failure culminated in Mr. Vialva having to invoke the district court's jurisdiction to try to prevent the Government from conducting an unlawful execution. Because the Government created the problem Mr. Vialva is trying to remedy by failing to comply with its own regulations,[2] it cannot possibly be substantially injured by a stay to do

---

[1] Indeed, the Government was actively seeking executions against persons in June of 2020. For example, it gave notice to death-sentenced prisoner Daniel Lee on June 15, 2020, that it would be executing him. There is no question the Government could have sought a court order directing Mr. Vialva's execution for September 24, 2020, sometime in June of 2020.

[2] Importantly, those regulations specifically require the Government to include in any order setting a date of execution that it proposes to a district court all "matters required by law." 28 C.F.R. § 26.2(a). Thus, the Department of Justice recognizes that orders fixing the date of execution and warrants directing executions have certain legal requirements beyond the four matters its regulation expressly specifies.

so.[3] The Government will be unable to articulate any injury if Mr. Vialva is not executed September 24, 2020, as opposed to a lawfully set execution date no earlier than 91 days after the day a valid order is entered by the district court.

Finally, the public interest indisputably lies with the Government conducting lawful executions occurring by known rules. So long as the death penalty exists, the public has an interest in its efficient operation, but equally in its *lawful* operation. Until this year, executions at the federal level had not occurred in over 17 years. Only three executions occurred between 2001 and 2003. Before that, the federal government had not executed anyone since 1963. The statute governing the implementation of federal death sentences is vague and largely unhelpful for providing the courts and parties meaningful guidance about what rules apply and who has power to do what and when. Nationwide, litigation aimed at trying to resolve some of these issues has been pursued. Although five executions have occurred in 2020, no meaningful guidance has emerged. Because eleven other individuals are sentenced

---

[3] Moreover, Mr. Vialva's motion to vacate his judgment under 28 U.S.C. § 2255 has been finally adjudicated since 2016. The Government waited four years even to declare its intent to execute Mr. Vialva.

5

to death by federal courts sitting in Texas, the public, the parties, and the courts have a strong interest in knowing with some certainty how these death sentences are to be implemented and which rules will govern their implementation.

## CONCLUSION

For the foregoing reasons, the Court should stay Mr. Vialva's execution pending the consideration and disposition of his appeal.

Respectfully submitted,

s/ Jared Tyler

JARED TYLER
Texas Bar No. 24042072

Tyler Law Firm, PLLC
P.O. Box 230804
Houston, Texas 77223
(832) 606-2302
jptyler@tylerlawfirm.org

SUSAN M. OTTO
Federal Public Defender
Susan_Otto@fd.org

MICHAEL LIEBERMAN
Assistant Federal Public Defender
Michael_Lieberman@fd.org

Federal Public Defender Organization
Western District of Oklahoma

215 Dean A. McGee Suite 109
Oklahoma City, Oklahoma 73102
Tel: (405) 609-5930

*Counsel for Defendant Christopher André Vialva*

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH ECF FILING STANDARDS

I certify that, on September 15, 2020, the foregoing brief was served, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, upon the following registered CM/ECF users:

Mr. Joseph H. Gay, Jr.
Assistant United States Attorney
United States Attorney's Office
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5512
(210) 384-7100
joseph.gay@usdoj.gov

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

s/ Jared Tyler

## STATEMENT OF COMPLIANCE
## LOCAL RULE 8.10

Counsel for Appellant Christopher André Vialva submit the following information concerning the timing of this appeal, in accordance with Local Rule 8.10. Counsel aver that they have proceeded with all reasonable diligence in pursuing the relief requested through this appeal. Counsel aver the following facts:

The issue appealed arose on July 31, 2020, when Christopher Vialva was served by the Warden of the Federal Correctional Complex, Terre Haute, Indiana, with a letter that the Federal Bureau of Prisons would execute him on September 24, 2020. This afforded Mr. Vialva 55 days' notice.

Counsel for Mr. Vialva received a copy of the Warden's letter *via* electronic mail during the afternoon of July 31, 2020. The United States Attorney filed an Advisory with the district court, *United States v. Vialva*, W.D. Tex., Waco Div. Case No. 99-cr-70, at 5:01 p.m., Friday, July 31, 2020, document 673. Through an operational failure unrelated to the

parties, counsel did not receive notice of the filing through CM/ECF until 1:30 p.m., Friday, August 14, 2020.

Counsel for Mr. Vialva filed the Motion to Enjoin, disposition of which is the subject of the instant appeal, Friday, August 14, 2020. *United States v. Vialva,* W.D. Tex., Waco Div. Case No. 99-cr-70, document 675. The Government filed its response on August 25, 2020. *Id.,* document 580.

The district court heard from the parties on the Motion Thursday, September 3, 2020. *Id.,* document 684.

The district court denied the Motion and set Mr. Vialva's execution date for September 24, 2020, through Orders entered Friday, September 11, 2020, at 4:41 p.m. and 4:53 p.m., respectively. *United States v. Vialva,* W.D. Tex., Waco Div. Case No. 99-cr-70, documents 690, 691.

Mr. Vialva filed his notice of appeal Saturday, September 12, 2020. *Id.,* document 692.

Mr. Vialva's execution remains set for September 24, 2020. This Appellant's Brief is being submitted more than 7 days prior to the execution and is timely under Local Rule 8.10.

Under penalty of perjury, I affirm the foregoing is true and correct to the best of my information and belief.

_____
Susan Otto

Subscribed and sworn to before me this 15th day of September, 2020.

_____
NOTARY PUBLIC

My commission number is:

14011145

My commission expires:

12/15/22